## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

GARY A. ZIERKE,                    :    CIVIL ACTION NO. 3:CV-15-0264
                                   :
          Plaintiff         :    (Judge Nealon)
                                   :
     v.                          :
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          Defendants        :

### MEMORANDUM

## I. Background

      Plaintiff, Gary A. Zierke, an inmate confined in the United States Penitentiary,

Lewisburg ("USP-Lewisburg"), Pennsylvania, filed the above captioned Federal Tort

Claims Act ("FTCA") action against the United States. (Doc. 1, complaint).

Plaintiff complains that he was "told he was infected with Hepatitis" and "requested

treatment from specialist [Nurse] 'Miosi" and was denied." Id. Plaintiff claims that

"the United States has a duty to provide medical care to its inmates" and that a

"chronic condition like hepatitis are serious medical needs for which a prisoner

deserves medical attention." Id. Thus, Plaintiff filed the instant action in which he

seeks immediate treatment, damages, and a jury trial.[1] Id.

Presently pending before the Court is Defendant's motion to dismiss or, in the

alternative, for summary judgment.  (Doc.  12).  The parties have fully briefed the

issues and the motion is  now ripe for disposition.  For the reasons that follow, the

Court will grant Defendant's motion to dismiss or, in the alternative, for summary

judgment.

## II. Standards of Review

### A. Motion to Dismiss

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6),

the court must "accept as true all [factual] allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007)

---

[1]Pursuant to 28 U.S.C. 2402, "any action against the United States under section 1346 shall be tried by the court without a jury…".  As such, Plaintiff's request for a jury trial will be denied.

-2-

(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir.2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130–31 (3d Cir.2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim'." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.2009). Once the well-pleaded factual allegations have been isolated, the court must determine

whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at

679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring

plaintiffs to allege facts sufficient to "raise a right to relief above the speculative

level"). A claim "has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678.

**B.  <u>Summary Judgment</u>**

Through summary adjudication the court may dispose of those claims that do

not present a "genuine issue as to any material fact" and for which a jury trial would

be an empty and unnecessary formality.  See Fed. R. Civ. P. 56(c).  The burden of

proof is upon the non-moving party to come forth with "affirmative evidence,

beyond the allegations of the pleadings," in support of its right to relief.  Pappas v.

City of Lebanon, 331 F.Supp.2d 311, 315 (M.D. Pa.2004); Fed. R. Civ. P. 56(e); see

also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).  This evidence must be

adequate, as a matter of law, to sustain a judgment in favor of the non-moving party

on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–57 (1986);

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–89 (1986); see

also Fed. R. Civ. P. 56(c), (e).  Only if this threshold is met may the cause of action

proceed.  Pappas, 331 F.Supp.2d at 315.

The pertinent portions of the Middle District of Pennsylvania Local Rules of

Court, which are set forth in the Standing Practice Order served upon Plaintiff on

February 9, 2015 (Doc. 2), provide that, in addition to filing a brief in response to the

moving party's brief in support, "[t]he papers opposing a motion for summary

judgment shall include a separate, short and concise statement of material facts

responding to the numbered paragraphs set forth in the statement [of material facts

filed by the moving party] ..., as to which it is contended that there exists a genuine

issue to be tried."  See M.D. Pa. LR 56. 1.  The rule further states that the statement

of material facts required to be served by the moving party will be deemed to be

admitted unless controverted by the statement required to be served by the opposing

party.  See id.  Though Plaintiff has filed a brief in opposition[2] to Defendant's

pending motion, he fails to file a counter statement of facts, nor requested an

_____

[2]In addition to his brief in opposition, on November 10, 2015, after the filing
of Defendant's reply brief, Plaintiff filed a document entitled "Statement of Material
Fact".  (Doc. 18).  Plaintiff's five paragraph "Statement of Facts," however, contain
nothing more than conclusory, unsupported allegations, expounding on the facts set
forth in Plaintiff's complaint.  They do not in any way address or correspond to
Defendant's Statement of Material Facts.

enlargement of time within which to do so.  Thus, he has failed to controvert the material facts contained in Defendant's statement.  As such, the Court will deem Defendant's statement of material facts as admitted.

## III.    Statement of Facts

On January 23, 2014, Zierke was transferred to USP-Lewisburg, where he underwent an initial health screening.  (Doc. 14-1 at 44, BOP Health Services Health Screen).  During his intake health screening, Zierke reported a diagnosis of hepatitis C.  (Id. at 46).

The BOP has established criteria for determining treatment for a patient with chronic hepatitis C. (Doc. 14-1 at 3, Declaration of Dr. Kevin Pigos).  Although most inmates with hepatitis C have an active, chronic infection, the APRI[3] score is a calculation used to determine the extent of liver fibrosis.  (Id. at 4).  According to the most recent guidelines released in May 2014, data indicates that the degree of liver fibrosis is correlated with the AST/Platelet Ratio Index ("APRI"), a simple ratio between the level of a certain liver enzyme (AST) and the body's platelet level. (Doc. 14-1 at 7-8, Interim Guidance for the Management of Chronic Hepatitis C

---

[3]Aspartate Aminotransferase Platelet Ratio Index (fibrosis).

Infection).  The higher the APRI ratio, the greater the need for liver biopsy to determine the extent of liver damage and if interferon treatment is needed. (Id.). Inmates with an APRI of lower that 1.0 are lower priority for biopsy and treatment, and, conversely, those with an APRI of greater than 1.0 are a higher priority for biopsy and treatment.  (Id.).

On April 15, 2014, Zierke's hepatitis results returned reactive and he was added to the chronic care schedule.  (Doc. 14-1 at 35-36; Doc. 14-2 at 37).

On April 21, 2014, Zierke requested lab results from his hepatitis test and a copy was provided to him.  (Doc. 14-2 at 34, Request).

On May 1, 2014, Zierke submitted a written request to Health Services' staff requesting back X-rays and hepatitis C treatment and it was noted that he was provided with a copy.  (Doc. 14-2 at 30-36).

On May 6, 2014, the results of Zierke's lab tests showed no fibrosis (APRI of .676); therefore, requiring no treatment at that time. (Doc. 14-2 at 28, Lab Results; Doc. 14-1 at 4).

On May 27, 2014, Zierke was evaluated in the chronic care clinic.  (Doc. 14-1 at 29-32, Clinical Encounter).  During this assessment, Zierke requested treatment for his hepatitis C, stating he has had hepatitis for 10 years. (Id.).  Several labs were

-7-

ordered, but since Zierke did not qualify for hepatitis treatment, he was not scheduled to have treatment.  (Id.).

On July 28, 2014, Plaintiff filed an Administrative Tort Claim with the BOP's Northeast Regional Office.  (Doc. 1 at 14, Northeast Regional Office Response to Administrative Tort Claim).

On July 31, 2014, it was noted that Zierke again requested treatment for his hepatitis.  (Doc. 14-1 at 27-28, Clinical Encounter).  In accordance to the calculation of AST (aspartate aminotransferase) to platelet ratio or APRI, Zierke did not have the suggested findings of advanced fibrosis at the time (APRI 0.68).  (Id.).  As a result, Zierke did not qualify for treatment.  However, it was noted Zierke would be monitored through the chronic care clinic.  (Id.).

On November 6, 2014, Zierke had labs completed.  (Doc. 14-2 at 21-23, Lab Results).  At that time, Zierke's APRI improved to 0.410. (Id.).

On November 11, 2014, Zierke submitted a written request to Health Services' staff requesting treatment and lab results for his hepatitis diagnosis. (Doc. 14-2 at 20, Request).  On November 14, 2014, Zierke was provided with his requested lab results.  (Id.).  In addition, he was informed to contact his assigned Physician's Assistant. (Id.).

On November 24, 2014, Health Services' received an Inmate Request to Staff from Zierke, who alleged his most recent blood work showed a higher APRI score. (Doc. 14-1 at 25-26, Clinical Encounter - Administrative Note). It was noted that Zierke's hepatitis lab results showed an improvement over his last testing. As a result, he did not qualify for HCV treatment. (Id.).  Zierke continues to be seen and treated in the chronic care clinic. (Id.).

On January 20, 2015, the Northeast Regional Office denied Plaintiff's Administrative Tort Claim, finding the following:

> Your Administrative Claim No. TRT-NER-2014-05368, properly received on July 28, 2014, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. §2672, under authority delegated to me by 28 C.F.R. §543.30.  Damages are sought in the amount of $2,000,000.00 based on a personal injury claim. Specifically, you allege the Bureau of Prisons will not provide you with treatment for Hepatitis C.
>
> An investigation, including review of your medical records, shows your current Hepatitis C condition does not warrant treatment.  The Bureau of Prison will continue to monitor you during the Chronic Care Clinic and treat you within Clinical Guidelines, if necessary.  There is no evidence that you experienced a compensable loss as the result of negligence on this part of any Bureau of Prisons employee. Accordingly, your claim is denied.
>
> If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

(Doc. 1 at 14, Northeast Regional Response).

On February 6, 2015, Plaintiff filed the above captioned action. (Doc. 1, complaint).

## IV.  Discussion

Under the FTCA, the United States is liable in tort claims "in the same manner and to the same extent as a private individual under the circumstances," except with respect to liability for interest prior to judgment or for punitive damages. 28 U.S.C. § 2674. "The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions ...'." Sosa v. Alverez–Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir.2008).  Under the FTCA, prisoners are permitted to recover damages for personal injuries suffered during confinement as a result of "negligent acts of government employees acting within the scope of their employment." United States v. Rinaldi, 460 Fed. App'x. 80, 81 (3d Cir.2012); see United States v. Muniz, 374 U.S. 150 (1963).

Zierke claims that BOP medical staff were negligent in their duty to provide appropriate medical care to Plaintiff, specifically, in their treatment of his Hepatitis C.  The government argues in their dispositive motion that Plaintiff's FTCA claim

against the United States should be dismissed for Plaintiff's failure to file a

certificate of merit (COM).

Pursuant to Pa. R. Civ. P. 1042.3, a plaintiff is required to file a COM from a

medical expert with respect to a professional negligence claim against the United

States.[4]

In <u>Boyd v. U.S.</u>, 2006 WL 2828843, * 6 (M.D. Pa.), this Court stated that

"[PA] Rule 1042.3 is indeed applicable to state law malpractice claims brought in

federal court." Rule 1042.3 applies when federal courts are addressing state law

professional negligence claims in both diversity and supplemental jurisdiction cases.

The <u>Boyd</u> Court also stated:

> "Under Pennsylvania law, a party filing a professional  liability claim
> must file a certificate of merit in which a professional licensed in the
> same field supplies a written statement that a reasonable probability
> exists that the actions of the defendant fell outside acceptable
> professional standards and that the actions were the cause of harm
> suffered by the plaintiff. See Pa. R.C.P. 1042.3(a)(1). If a Plaintiff fails
> to file the required certificate within sixty (60) days of filing the

---

[4]A COM must be filed for a Pennsylvania State professional negligence
claim or the claim will be dismissed. <u>Velazquez v. UPMC Bedford Memorial
Hospital</u>, 328 F.Supp.2d 549, 558 (W.D.Pa.2004). This Court has found that the COM
requirement of Rule 1042.3 applies to cases filed in federal court, and it applies to
incarcerated and pro se plaintiffs, such as Zierke. <u>See</u> <u>Perez v. Griffin</u>, 2008 WL
2383072, * 3 (M.D.Pa.), aff'd. 2008 WL 5351829 (3d Cir.).

complaint, Defendants may file a praecipe for entry of a judgment of
non pros. See Pa. R.C.P. 1042.6

Id., * 5; See also Santee v. United States, 2008 WL 4426060 (M.D. Pa. May 08,

2008); Lopez v. Brady, 2008 WL 4415585 (M.D. Pa. Sep 25, 2008).

Recently, in Perez v. Griffin,  2008 WL 5351829, * 2 (3d Cir.2008) (Per

Curiam), the Third Circuit affirmed this Court's finding that the COM rule is a

substantive rule of state law that applies in federal court actions. In Perez, the Third

Circuit stated, "Rule 1042.3 is a substantive state law that federal district courts must

apply." (citations omitted). Id.

Defendant argues, inter alia, that Plaintiff's FTCA action should be dismissed

against the United States since he did not file a timely COM to support his medical

negligence claim against the United States in violation of PA Rule 1042.3. The Court

agrees with Defendant's argument.

Plaintiff's complaint was filed on February 6, 2015.  Thus, on or before April

6, 2015, at the very latest, Zierke was required to file, in accordance with PA Rule

1042.3, a COM producing expert testimony to opine that the Defendant was

negligent in their treatment of his Hepatitis C, breached their duty to provide

adequate care, and the negligent breach was the proximate cause of Zierke's injury.

-12-

The record reveals that no COM was filed, nor is there any record of an enlargement of time within which to file a COM.  Thus, the undisputed record shows that Plaintiff failed to timely file a COM in this case.[5]

In light of the recent <u>Perez</u> Third Circuit case, unless Zierke can show a reasonable explanation or legitimate excuse for his failure to timely file a Rule 1042.3 COM, his FTCA medical malpractice claim against the United States is subject to dismissal without prejudice.  As the District Court in <u>Perez</u> stated:

> Failure to file either a certificate of merit under Rule 1042.3(a) or a motion for extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his or her failure to comply is justified by a "reasonable excuse." <u>Womer v. Hillier</u>, 589 Pa. 256, 908 A.2d 269, 279-80 (Pa.2006) (holding that a court may reconsider judgment entered for failure to comply with Rule 1042.3 if the plaintiff demonstrates a "reasonable excuse" for the noncompliance); <u>see also</u> Pa.R.Civ.P. 1042.6 (authorizing entry of non pros judgment if a malpractice plaintiff fails to comply with Rule 1042.3); <u>Walsh v. Consol. Design & Eng'g., Inc.</u>, No. Civ. A. 05-2001, 2007 WL 2844829, at * 5 (E.D. Pa. Sept.28, 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the

---

[5]To the extent that Plaintiff filed his own "certificate of merit" with his complaint, stating that "there exists a reasonable probability that not treating the Plaintiff's illness falls outside acceptable professional standards, and that expert testimony of an appropriate licensed professional is unnecessary, as a layperson would know that not treating the Plaintiff's illness can and will eventually cause death", (<u>see</u> Doc. 1 at 9, Certificate of Merit), such certification does not satisfy the requirements of Rule 1042.3(a).

-13-

requirement where the defaulting party provides a reasonable
explanation or legitimate excuse.").

2008 WL 2383072, *2. <u>See also</u> Third Circuit decision in <u>Perez</u>, 2008 WL 5351829,

* 2 ("failure to comply with Rule 1042.3 is not fatal to claims of professional

liability if the Plaintiff can show 'reasonable excuse' for the noncompliance.")

(citing <u>Womer v. Hilliker</u>, 589 Pa. 256, 908 A.2d 269, 279-80 (Pa.2006)).

In <u>Ramos v. Quien</u>, 2008 WL 4949896, *7 (E.D. Pa. Nov 18, 2008), the Court

stated:

> Under Pennsylvania law, a court may consider two equitable exceptions
> when a plaintiff has improperly properly filed a COM: whether the
> plaintiff has substantially complied with Rule 1042.3 and whether the
> plaintiff has offered a reasonable explanation or legitimate excuse for
> failure to comply.   <u>Womer v. Hillier</u>, 589 Pa. 256, 908 A.2d 269, 276,
> 279 (Pa.2006).
>
> In <u>Womer</u>, the Pennsylvania Supreme Court upheld the judgment of non
> pros entered against the plaintiff pursuant to Pa.R.Civ.P. 1042.6 because
> the plaintiff failed to file a COM at all. <u>Id</u>. at 278. <u>Womer</u> recognized
> that while compliance with Rule 1042.3 is expected, Rule 1042.3 is
> subject to two "equitable exceptions." <u>Id</u>. at 276. First, Pennsylvania
> courts have interpreted Pa.R.Civ.P. 126 to give a trial court discretion to
> "overlook any 'procedural defect' that does not prejudice a party's
> rights" if there has otherwise been "substantial compliance." <u>Id</u>.
> (quoting <u>Sahutsky v. H.H. Knoebel Sons</u>, 566 Pa. 593, 782 A.2d 996,
> 1001 (2001)) (emphasis in original). Second, a plaintiff may seek relief
> from judgment for failure to prosecute if the plaintiff offers a
> "reasonable explanation" or "legitimate excuse" for failure to comply
> with the COM rule under Pa.R.Civ.P. 3051. <u>See id</u>. at 279, n. 11.

-14-

The <u>Womer</u> court noted that an entry of judgment non pros can be appropriate where the plaintiff does not timely file a COM and fails to take any steps to comply with Rule 1042.3. <u>See id</u>. at 278-79. The court rejected the plaintiff's argument that providing the defendant with an expert report in discovery substantially complied with the requirements of Rule 1042.3. <u>See id</u>. at 278. The plaintiff's "honest belief" that it had substantially complied was also not a "reasonable explanation" or "legitimate excuse" for failing to file a proper COM. <u>Id</u>. at 280.

Thus, "in light of the strict interpretation of Rule 1042.3 in <u>Womer</u>, ... [the federal court] was compelled to dismiss the Plaintiff's [negligence] claim without prejudice, but was equally compelled to allow him to present a 'reasonable explanation or legitimate excuse for non-compliance' with the COM requirement and that 'equitable considerations may excuse noncompliance in the appropriate case.'" <u>Weaver v. Univ. of Pitts. Medical Center</u>, 2008 WL 2942139, *7 (W.D. Pa.) (citation omitted). Accordingly, "federal courts [apply] the two equitable considerations outlined in <u>Womer</u> to determine if an untimely filed COM may be accepted." <u>Ramos v. Quien</u>, 2008 WL 4949896, *8; <u>Santee v. United States</u>, M.D. Pa. Civil No. 07-2207, March 24, 2009 Memorandum and Order (Nealon, J.).

In an attempt to explain his failure to file a COM, Zierke argues that he is "incarcerated" and "is locked down 23 hrs a day and us unable to locate a licensed liver expert, nor can he get assistance from BOP medical staff, who are at the core of

this law suit, and [he] cannot simply forge a doctor's name." (Doc. 16, Brief in

Opposition at 7). The Court finds this argument without merit, as the Certificate of

Merit requirement applies to cases filed in federal court and applies to all plaintiffs

including *pro se* and incarcerated plaintiffs. Perez v. Griffin, 2008 WL 2383072 *3

(M.D. Pa.), aff'd 2008 WL 5351829 (3d Cir.); Levi v. Lappin, No. 1:CV-07-1839,

2009 WL 1770146, at *1 (M.D. Pa. June 22, 2009). Further, Zierke's argument fails

to establish: (1) that he has substantially complied with Rule 1042.3; or (2) that he

has offered a "reasonable explanation or legitimate excuse for non-compliance" with

the COM requirement. Thus, Zierke's FTCA claim will be dismissed.[6]

An appropriate Order accompanies this Memorandum Opinion.


Dated: March 7, 2016                    /s/ William J. Nealon
                                        **United States District Judge**

---

[6]To the extent that Plaintiff seeks injunctive relief, namely ordering the medical staff at USP-Lewisburg to provide him the treatment he requests, the record before this Court amply demonstrates that since his arrival at USP-Lewisburg in January 2014, Zierke has had consistent and routine care for all his medical concerns, including his hepatitis diagnosis, and the record reveals that Zierke does not qualify for Hepatitis C treatment at this time. In fact, the record reveals that Zierke's current APRI score has greatly improved. However, he will continued to be monitored for fibrosis.